**Patrick OGUEJIOFOR, Petitioner,**

v.

**ATTORNEY GENERAL OF THE UNITED STATES, Office of Immigration and Naturalization Service, Respondents.**

No. 99–13286.

United States Court of Appeals, Eleventh Circuit.

Jan. 2, 2002.

Marcos D. Jimenez (Court-Appointed), White & Case, LLP, Miami, FL, for Petitioner.

David V. Bernal, Ernesto H. Molina, Brenda E. Ellison, Erin Albritton, Dept. of Justice (OIL), Washington, DC, for Respondents.

Before EDMONDSON and WILSON, Circuit Judges, and PAUL*, District Judge.

## PER CURIAM:

Petitioner Patrick Oguejiofor, a native and citizen of Nigeria, has been a lawful permanent resident of the United States since 1989. He was served with a Notice to Appear (NTA) on 22 July 1997 by the Immigration and Naturalization Service (INS). The NTA charged that Petitioner was subject to removal under § 237(a)(2)(A)(ii) of the Immigration and Nationalization Act (INA) as an alien who had committed two crimes of moral turpitude not arising out of a single scheme of criminal conduct and under § 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony. *See* 8 U.S.C. §§ 1251(a)(2)(A)(ii), (iii), *currently codified at* 8 U.S.C. §§ 1227(a)(2)(A)(ii), (iii).

At the removal hearing, the immigration judge (IJ) found that Petitioner had been convicted of escape in November 1996 and sentenced to five years' imprisonment. The IJ also found Petitioner had been convicted of four counts of deposit-account fraud and one count of making false statements and sentenced to four years' imprisonment. The IJ lastly found that Petitioner had been convicted of obstruction of justice and sentenced to three years' imprisonment. The IJ also concluded that the obstruction conviction constituted a crime of violence for which a sentence of at least one year had been imposed and, thus, was an aggravated felony. Based on these findings and conclusions, the IJ determined that Petitioner was removable as an alien who had committed two or more crimes of moral turpitude[1] and removable as an aggravated felon. Based on Petitioner's status as an aggravated felon, the IJ concluded that Petitioner was ineligible to apply for discretionary relief and ordered him deported to Nigeria.

Petitioner appealed to the Board of Immigration Appeals (BIA). He argued that the IJ erred in concluding that obstruction of justice was a crime of violence and, thus, determining him to be guilty of an aggravated felony. He argued that he would have filed for discretionary relief under § 212(c) and § 212(h) but for the IJ's determination that he was an aggravated felon. Petitioner also argued that § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) should not be applied retroactively to bar him from applying for § 212(c) relief and that to do

---

* Honorable Maurice M. Paul, U.S. District Judge for the Northern District of Florida, sitting by designation.

1. Upon which of Petitioner's convictions the IJ based this finding is not clear from the Administrative Record. INS and the Petitioner allege that the deposit-account fraud convictions were the basis. Petitioner has not appealed the IJ's determination of deportability based on multiple criminal convictions involving moral turpitude. Therefore, we accept that the IJ's determination of deportability based on this ground was correct.

so violated his due process and equal protection rights.

The BIA affirmed the IJ's decision and dismissed Petitioner's appeal, concluding that the IJ did not err in finding obstruction of justice to be an aggravated felony. The BIA also concluded that, because the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) § 304(b) repealed § 212(c), Petitioner could not apply for § 212(c) relief and that, as an aggravated felon, Petition was not eligible for relief under § 212(h). Petitioner then filed a petition for review with us.

In his appeal to this Court, Petitioner raised four issues: (1) whether this Court has jurisdiction to review the BIA's decision; (2) whether the BIA erroneously applied §§ 304 and 348 of IIRIRA to Petitioner; (3) whether the BIA's retroactive application of IIRIRA § 304, repealing INA § 212(c), and IIRIRA § 348, amending INA § 212(h), violated his due process rights; and (4) whether INA § 212(h), as modified by IIRIRA § 348, violates equal protection.

■ To determine this Court's jurisdiction to review the BIA's decision, we must decide what version of the INA applies to Petitioner's appeal. To answer this question, we must determine when proceedings

commenced against Petitioner. *See Alanis–Bustamante v. Reno*, 201 F.3d 1303, 1306 (11th Cir.2000). We conclude that proceedings were not commenced against Petitioner until after 1 April 1997, the effective date of IIRIRA, when Petitioner was served with his Notice to Appear.[2] Therefore, the permanent provisions of INA as amended by IIRIRA, 8 U.S.C. § 1252, apply. *See id.* at 1306–07.

■ Because Petitioner has been determined to be removable as an aggravated felon and as having committed two or more crimes involving moral turpitude, this Court only has jurisdiction to address whether the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(C)[3] apply and to address substantial constitutional questions, if any, raised by Petitioner. *See Moore v. Ashcroft*, 251 F.3d 919, 923–24 (11th Cir.2001) (stating Court of Appeals has jurisdiction to review whether jurisdiction-stripping provision applies and to review substantial constitutional issues). We conclude that Petitioner is an alien who is removable, based on having committed a disqualifying offense and, therefore, that 8 U.S.C. § 1252(a)(2)(C) applies. *See id.* at 923. So, we only have jurisdiction to review Petitioner's appeal to the extent that he raises substantial constitutional issues.[4]

2. We reject Petitioner's argument that INS "effectively arrested" Petitioner by INS's issuance of a Notice of Detainer letter on 16 April 1996. *See Orozco v. INS*, 911 F.2d 539, 541 (11th Cir.1990) ("The filing of [a] detainer, standing alone, did not cause [the alien] to come within the custody of the INS."). In a similar way, we cannot conclude that the filing of the detainer letter combined with the fingerprinting of Petitioner brings this case into the purview of *Alanis–Bustamante*, 201 F.3d at 1311 (holding "a removal proceeding has effectively commenced once INS has served the alien with an order to show cause and lodged a warrant of detainer against him"): An important difference exists between the serving of an order to show cause and the fingerprinting of a person.

3. 8 U.S.C. § 1252(a)(2)(C) provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable ..." because of certain criminal grounds: being an aggravated felon or having committed two or more crimes involving moral turpitude for which a sentence of one year may be imposed.

4. For this reason, we conclude we lack jurisdiction to address whether the BIA erroneously applied the amendments of IIRIRA to Petitioner. Even if we had jurisdiction, Petitioner would not prevail on this issue because we have already concluded that proceedings had commenced against Petitioner after the effective date of IIRIRA.

*See Richardson v. Reno,* 180 F.3d 1311, 1316 n. 5 (11th Cir.1999). He raises none.

■ Petitioner contends he has substantial constitutional challenges to the BIA's retroactive application of IIRIRA's repeal of § 212(c) and amendment of § 212(h) to his case. He argues his due process rights were violated by the retroactive application of IIRIRA §§ 304 and 348, an application which he says attaches new legal consequences—ineligibility to apply for discretionary relief—to the previously-made guilty pleas which caused him to be removable.

This argument is without merit. Under our precedent, an alien has no constitutionally-protected right to discretionary relief or to be eligible for discretionary relief. *See Mohammed v. Ashcroft,* 261 F.3d 1244, 1250 (11th Cir.2001); *Tefel v. Reno,* 180 F.3d 1286, 1301–02 (11th Cir.1999). Therefore, Petitioner can assert no due process challenge to the BIA's conclusion that Petitioner was ineligible for discretionary relief because of §§ 304 and 308 of IIRIRA. *See Mohammed,* 261 F.3d at 1250.

Furthermore, nothing in the United States Supreme Court's recent decision in *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), mandates a different conclusion. In *St. Cyr,* the Court concluded that applying IIRIRA's repeal of § 212(c) to aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the

law then in effect" would have an impermissible retroactive effect. *Id.* at 2293. But then the Court decided " § 212(c) relief remains available for [those] aliens." *Id.* The Court's decision was not based on constitutional grounds, but instead on principles of statutory interpretation. We conclude that we do not have jurisdiction to grant relief of the kind contemplated by *St. Cyr* to Petitioner on direct appeal.[5] *See Calcano–Martinez v. INS,* 533 U.S. 348, 121 S.Ct. 2268, 2269–70, 150 L.Ed.2d 392 (2001) (stating Court of Appeals lacks jurisdiction to review criminal aliens' direct appeals from BIA decisions applying repeal § 212(c) relief retroactively); *cf. Moore,* 251 F.3d at 923–24 (when 8 U.S.C. § 1252(a)(2)(C) applies, Court of Appeals only has jurisdiction to consider jurisdictional question and substantial constitutional questions).

■ Even if we had jurisdiction to consider Petitioner's argument that he is entitled to relief under *St. Cyr,* we would conclude Petitioner's argument has no merit. Petitioner became ineligible for discretionary relief under §§ 212(c) and 212(h) when he pled guilty to the offenses which made him removable. Therefore, application of §§ 304 and 348 of IIRIRA to Petitioner did not retroactively affect Petitioner's eligibility for discretionary relief.

When Petitioner pled guilty to the charges which made him removable—in November and December 1996—INA § 212(c), as amended by AEDPA § 440(d), was in effect. *See* 8 U.S.C. § 1182(c) (1997), *repealed by* IIRIRA of 1997, Pub.L.

---

5. In *Mohammed,* we decided a criminal alien's direct appeal from the BIA, an appeal which raised, in part, a non-constitutional statutory analysis issue regarding statutory retroactivity. 261 F.3d at 1248–49. We did not address whether, under 8 U.S.C. § 1252(a)(2)(C), we had jurisdiction to review this issue on direct appeal from the BIA. And, because jurisdiction was not addressed, the

*Mohammed* decision is not binding precedent on the jurisdictional question presented in this case. *See FEC v. NRA Political Victory Fund,* 513 U.S. 88, 115 S.Ct. 537, 542, 130 L.Ed.2d 439 (1994); *Okongwu v. Reno,* 229 F.3d 1327, 1330 (11th Cir.2000) ("[W]e are not bound by a prior decision's *sub silentio* treatment of a jurisdictional question.").

No. 104–208, Div. C, Title III, § 304(b). Under this version of § 212(c), discretionary relief was not available to aliens who had "committed any criminal offense covered in section 1251(a)(2)(A)(iii) . . . or any offense covered by section 1251(a)(2)(A)(ii) of this title for which both predicate offenses are covered by section 1251(a)(2)(A)(i) of this title." *See id.* In other words, aliens convicted of an aggravated felony or two or more crimes of moral turpitude for which a sentence of at least one year could be imposed were ineligible for discretionary relief under § 212(c), as amended by AEDPA § 440(d).

Petitioner was ineligible for discretionary relief under § 212(c) when he entered his guilty pleas (1) because he had been convicted of two crimes involving moral turpitude for which a sentence of at least one year could be imposed and (2) because he had been convicted of an aggravated felony.[6]

The BIA also found that Petitioner's status as an aggravated felon also made him ineligible for relief under § 212(h) as amended by IIRIRA, Pub.L. 104–208, Div. C, Title III, § 348. *See* 8 U.S.C. § 1182(h). Congress made § 348 of IIRIRA, which prohibits lawful resident aliens convicted of an aggravated felony from seeking relief under § 212(h), effective as of the date of IIRIRA's enactment: 30 September 1996. *See* IIRIRA, § 348(b). Therefore, when Petitioner pleaded guilty to obstruction in November 1996, he was ineligible for relief under § 212(h).

 Petitioner argues that INA § 212(h) violates equal protection because it bars legal resident aliens convicted of aggravated felonies from applying for relief under that section but does not bar illegal aliens who have been convicted of aggravated felonies from seeking relief under its provisions. But our decision in *Moore v. Ashcroft* is dispositive of this issue. 251 F.3d 919, 926 (11th Cir.2001) (Congress's decision to make lawful permanent resident aliens who have been convicted of an aggravated felony ineligible for relief under § 212(h) relief and not do so with other aliens does not violate equal protection). Therefore, Petitioner raises no substantial constitutional issue here either.

For the reasons discussed above, we conclude that Petitioner has failed to raise substantial constitutional questions. Therefore, we dismiss Petitioner's appeal for lack of jurisdiction.

DISMISSED.

---

6. In supplemental briefing to this Court, Petitioner argues that, because his obstruction conviction did not constitute an aggravated felony when he pleaded guilty, he was eligible for discretionary relief under § 212(c) at that time. Petitioner's argument, however, fails for two reasons. First, the effective date of the changes made by IIRIRA § 321(a) seems to be the date of the enactment of IIRIRA, September 30, 1996, before Petitioner's obstruction conviction. *See* IIRIRA, Pub.L. 104–208, Div. C, Title III, § 321(b), (c). Second, Congress explicitly made the amendments of what constitutes an aggravated felony applicable regardless of when the conviction was received. *See* 8 U.S.C. § 1101(a)(43); *see also Mohammed v. Ashcroft*, 261 F.3d 1244, 1249 (11th Cir.2001).

And, under § 101(a)(43)(F) as amended by IIRIRA § 321(a), an aggravated felon includes anyone convicted of a crime of violence for which a term of imprisonment of one year is imposed. *See* 8 U.S.C. § 1101(a)(43)(F). Therefore, application of § 101(a)(43)(F) as amended by IIRIRA would not give that statute an impermissible retroactive effect.