[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14592
Non-Argument Calendar

_____

BIA No. A31-330-232

FABIOLA DEL SOCORRO GONZALEZ-QUINTERO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(July 7, 2005)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Fabiola Del Socorro Gonzalez-Quintero, a Colombian national, petitions for

review of the final order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's ("IJ") determination that she is deportable under former Immigration and Nationality Act ("INA") § 241(a)(2)(A)(iii) (1996) (now INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii)), for having been convicted of an aggravated felony, and under former INA § 241(a)(2)(B)(i) (1996) (now INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i)), for having been convicted of violating a law of the United States. Gonzalez-Quintero also petitions for review of the final order of the BIA that affirms the IJ's determination that she abandoned her application for a waiver of deportability under former INA § 212(c), 8 U.S.C. § 1182(c) (repealed 1996) ("212(c) waiver") and withholding of deportation under former INA § 234(h) (1996) (now INA § 241(b)(3), 8 U.S.C. § 1231(b)(3)) because she failed to file those applications by the ordered date. On appeal, Gonzalez-Quintero argues that the IJ and the BIA violated her due process rights in determining that she abandoned her applications for the 212(c) waiver and withholding of deportation.[1]

---

[1]Because Gonzalez-Quintero's deportation proceedings commenced before April 1, 1997, and the BIA issued the final deportation order after October 30, 1996, this case is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"). *See Al Najjar v. INS*, 257 F.3d 1262, 1276 (11th Cir. 2001).

## I.      Jurisdiction

Before reaching the merits of Gonzalez-Quintero's petition, we must consider whether we have subject matter jurisdiction. *See Farquharson v. Att'y Gen.*, 246 F.3d 1317, 1319 (11th Cir. 2001). "We review subject matter jurisdiction *de novo*." *Garcia v. Att'y Gen.*, 329 F.3d 1217, 1220 (11th Cir. 2003). We also review the BIA's statutory interpretation *de novo* and will defer to the BIA's interpretation if it is reasonable and does not contradict the clear intent of Congress. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984). "We review constitutional challenges *de novo*." *Lonyem v. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003).

The transitional rules provide that "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in . . . [former] section 241(a)(2)(A)(iii), (B), (C), or (D)." IIRIRA § 309(c)(4)(G). "Notwithstanding this restriction, this Court retains jurisdiction to determine whether an alien is deportable under the immigration statute." *Farquharson*, 246 F.3d at 1320. Our authority to review exists only to determine whether a petitioner is "(1) an alien (2) deportable (3) by reason of a criminal offense listed in the statute." *Id.*; *Itani v. Ashcroft*, 298 F.3d 1213, 1215 n.2 (11th Cir. 2002). If these conditions are met, then IIRIRA § 309(c)(4)(G) divests us of our jurisdiction to review the deportation order. *Garcia*, 329 F.3d at

3

1221.

According to former INA § 241(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after entry is deportable." Furthermore, according to former INA § 241(a)(2)(B)(i), "[a]ny alien who at any time after admission has been convicted of a violation of . . . any law or regulation of . . . the United States . . . is deportable." Because the IJ found and the BIA affirmed that Gonzalez-Quintero was deportable under both of these provisions, IIRIRA § 309(c)(4)(G) is implicated. *See Itani*, 298 F.3d at 1215 n.2.

Despite the jurisdictional bar of § 309(c)(4)(G) , we retain jurisdiction to review "substantial constitutional questions raised by a petitioner on direct review." *Farquharson*, 246 F.3d at 1322. We also retain jurisdiction over questions of law raised in a petition for review. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D) (as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("REAL ID Act")).

The administrative record supports the conclusion that Gonzalez-Quintero is "(1) an alien (2) deportable (3) by reason of a criminal offense listed in the statute." *See Farquharson*, 246 F.3d at 1320. During her deportation hearing, Gonzalez-Quintero conceded that she was a native and citizen of Colombia. She did not challenge the IJ's finding that she was an alien before the BIA, nor does she do so before this Court. Moreover, Gonzalez-Quintero admitted during her deportation

4

hearing – and admits before this Court – that she was convicted of conspiracy to possess with intent to distribute and distribution of "CDS: heroin and cocaine," in violation of 21 U.S.C. § 846. As ordered by the IJ and affirmed by the BIA, this conviction was sufficient to deport Gonzalez-Quintero under either former § 241(a)(2)(A)(iii) (conviction for aggravated felony) or former § 241(a)(2)(B)(i) (conviction for violating a law of the United States). Thus, Gonzalez-Quintero is an alien deportable under either former § 241(a)(2)(A)(iii) or former § 241(a)(2)(B)(i).

Gonzalez-Quintero also concedes that, because she has been convicted of an offense covered under former INA § 241(a)(2)(A)(iii), (B), (C), or (D), and is therefore an alien deportable under either former § 241(a)(2)(A)(iii) or former § 241(a)(2)(B)(i), IIRIRA § 309(c)(4)(G) limits this Court's jurisdiction over her appeal. Accordingly, we lack jurisdiction to address the merits of her petition for review, except to the extent she raises any substantial constitutional issues or questions of law.

## II.    Substantial Constitutional Issues

Gonzalez-Quintero raises two due process claims. Due process requires that all aliens be given notice and an opportunity to be heard in their deportation proceedings. *Fernandez-Bernal v. Att'y Gen.*, 257 F.3d 1304, 1310 n.8 (11th Cir. 2001). "In order to establish a due process violation, an alien must show that he or

5

she was deprived of liberty without due process of law, and that the asserted error caused [her] substantial prejudice." *Garcia*, 329 F.3d at 1222 (internal citations omitted).

### A.    212(c) Waiver

Gonzalez-Quintero argues on appeal that the IJ and BIA violated her due process rights in holding that she abandoned her application for a discretionary 212(c) wavier and in failing to hold a hearing on the issue. "[T]his Court has held that the failure to receive discretionary relief in the immigration context does not deprive an alien of a constitutionally protected liberty interest." *Tefel v. Reno*, 180 F.3d 1286, 1300 (11th Cir. 1999). Accordingly, "an alien has no constitutionally-protected right to discretionary relief or to be eligible for discretionary relief." *Oguejiofor v. Att'y Gen.*, 277 F.3d 1305, 1309 (11th Cir. 2002). Because a 212(c) wavier is discretionary relief from deportation, and an alien has no constitutional right to relief, Gonzalez-Quintero's argument does not constitute a substantial constitutional question. Accordingly, this court lacks jurisdiction to address this issue.

### B.    Withholding of Deportation

Gonzalez-Quintero also argues on appeal that the IJ and BIA violated her due process rights in holding that she abandoned her request for withholding of deportation by filing her asylum application after the ordered deadline. Unlike a

6

212(c) waiver, "withholding of removal [or deportation], where warranted, is a mandatory and not a discretionary remedy." *Antipova v. Att'y Gen.*, 392 F.3d 1259, 1265 n.2 (11th Cir. 2004).

The IJ "may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(c).

We have not addressed whether an IJ violates an alien's due process rights when the IJ finds that the alien's failure to file an asylum application by the ordered deadline results in an abandonment or wavier of the alien's request for withholding of deportation. However, in a similar case, *Kuschchak v. Aschroft*, 366 F.3d 597, 604-06 (7th Cir. 2004), the Seventh Circuit held that the IJ did not violate the alien's due process rights in finding that the alien abandoned his withholding of removal application. The IJ advised the alien of the deadline to file any documents, but the alien ignored it; any confusion in relation to the application was due to the alien and his attorney – not to the IJ; and the alien failed to show prejudice, i.e., that the IJ's actions had the potential for affecting the outcome of the action. *Id.*

Likewise, in the instant case, the IJ informed Gonzalez-Quintero that she must file an asylum application before he could consider the relief of withholding

7

of deportation. The IJ scheduled Gonzalez-Quintero's next deportation hearing for approximately one year later and notified Gonzalez-Quintero of her asylum application deadline, which was approximately one month before the next hearing. He also asked whether she had any questions, and she replied, through counsel, that she had none. The IJ also sent Gonzalez-Quintero written notice of her next deportation hearing, and reminded her that her application was due. Thus, any confusion in relation to the application deadline was due to Gonzalez-Quintero or her attorney, not the IJ.

Moreover, Gonzalez-Quintero has not demonstrated, or even argued, that the determination that she abandoned her application for withholding of deportation prejudiced her. She has not presented any evidence or arguments that the outcome of the hearing would have been different had the IJ considered her untimely application. Accordingly, Gonzalez-Quintero cannot establish a due process claim.

III. **Question of Law**

Gonzalez-Quintero also argues that her 212(c) waiver application should have been considered "filed" when she submitted it, despite the fact that she had not paid her filing fees. However, the immigration regulations mandate that a fee receipt or a fee wavier form accompany the application for the application to be considered filed with the immigration court. 8 C.F.R. § 1003.31(b). Gonzalez-Quintero had not paid her filing fee, nor had she requested a fee waiver, when she

8

initially submitted her 212(c) waiver application. Therefore, her application was not considered filed when she submitted it to the IJ.

## IV. Conclusion

Accordingly, because Gonzalez-Quintero has raised no substantial constitutional arguments or questions of law that affect our jurisdiction to review the BIA's deportation order, we dismiss her petition for review.

**PETITION DISMISSED.**