[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 21, 2005
THOMAS  K. KAHN
CLERK

No. 04-16087
Non-Argument Calendar

Agency Nos. A79-478-270
& A79-478-271

FARID ALBERTO CALDERON SALINAS,
AURORA CALDERON, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of a Decision of the
Board of Immigration Appeals

**(July 21, 2005)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Petitioners Farid Alberto Calderon Salinas, Aurora Calderon, and Juan David Calderon Sarmiento petition this Court for review of the Board of Immigration Appeals' (BIA's) decision denying their application for asylum and withholding of removal. First, Petitioners argue due process allows Salinas to file a new asylum application because he did not have effective assistance from an attorney in filing his original, untimely application. Petitioners next assert the one-year deadline for filing an asylum application is unconstitutional under the Supremacy Clause because the United Nations Convention Related to the Protection of Refugees (Protocol) does not list it as a reason to deny an alien's asylum claim. Finally, Petitioners contend it was unreasonable for the immigration judge ("IJ") to request corroborative evidence to sustain their withholding of removal claim. We dismiss in part and deny in part their petition for review.

## I. DISCUSSION

A.   *Timeliness of asylum application*

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted). An alien may apply for asylum if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year

2

after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B).

If the application is filed late, however,

> [a]n application for asylum of an alien may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified. . . .

8 U.S.C. § 1158(a)(2)(D). Nevertheless, we lack jurisdiction because "[n]o court shall have jurisdiction to review any determination of the Attorney General under [section 1158(a)(2)]." 8 U.S.C. § 1158(a)(3); *Mendoza v. United States Attorney Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). Consequently, we have held § 1158(a)(3) "divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." *Mendoza*, 327 F.3d at 1287 (citing *Fahim v. United States Attorney Gen.*, 278 F.3d 1216, 1217–18 (11th Cir. 2002)).

Salinas entered the United States in August 1999, but did not file his asylum application until April 2001, more than one year later. Accordingly, because the BIA found that Salinas did not timely file his application, this Court lacks jurisdiction to consider his arguments pertaining to the BIA's denial of asylum.

3

As for Petitioners' due process argument, "[d]ue process requires that aliens be given notice and opportunity to be heard in their removal proceedings." *Fernandez-Bernal v. Attorney Gen. of the United States*, 257 F.3d 1304, 1311 n.8 (11th Cir. 2001). An alien, however, "has no constitutionally-protected right to discretionary relief or to be eligible for discretionary relief." *Oguejiofor v. Attorney Gen. of the United States*, 277 F.3d 1305, 1309 (11th Cir. 2002); *see also Mohammed v. Ashcroft*, 261 F.3d 1244, 1250 (11th Cir. 2001); *Tefel v. Reno*, 180 F.3d 1286, 1301–02 (11th Cir. 1999). The grant of asylum is a discretionary decision left to the Attorney General. *Sepulveda v. United States Attorney General*, 401 F.3d 1226, 1231 (11th Cir. 2005).

Petitioners' due process argument is without merit because they have no constitutionally-protected right to be eligible for asylum, which is discretionary relief. They were given notice and opportunity to be heard in their removal proceedings. Thus, their due process rights were not violated,[1] and we dismiss the petition for review concerning asylum.

---

[1] Furthermore, we do not have jurisdiction where a constitutional claim has no merit. *Gonzalez-Oropeza v. United States Attorney Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003) (citing *Brooks v. Ashcroft*, 283 F.3d 1268, 1273 (11th Cir. 2002)).

B.    *Unconstitutionality of one-year asylum deadline*

We review questions of constitutional law de novo.  *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1339 (11th Cir. 1999).  If a treaty is not self-executing, it provides no enforceable rights.  *Haitian Refugee Ctr., Inc. v. Baker*, 949 F.2d 1109, 1110 (11th Cir. 1991).  Neither Article 33 nor Article 34 of the Protocol are self-executing.  *INS v. Stevic*, 467 U.S. 407, 428, n.22, 104 S.Ct. 2489, 2500 n.22, (1984) (Article 34 is not self-executing); *Haitian Refugee Ctr.*, 949 F.2d at 1110 (Article 33 is not self-executing).

Because Articles 33 and 34 of the Protocol, concerning the expulsion of refugees, are not self-executing, they provide no enforceable rights.  The one-year statutory deadline for filing an asylum application is therefore not in conflict with the Protocol, and thus there can be no violation of the Supremacy Clause.  We deny the petition as to this claim.

C.    *Withholding of removal under the INA*

We review the BIA's legal determinations de novo.  *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247 (11th Cir. 2001).  Factual determinations by the BIA that an alien is not entitled to withholding of removal must be upheld if it is supported by substantial evidence, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a

5

whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283–84 (11th Cir. 2001) (citations and quotation omitted); *cf.* 8 U.S.C. § 1252(b)(4)(B) (providing "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

"Uncorroborated but credible testimony from the applicant may be sufficient alone to sustain the burden of proof for . . . withholding of removal." *D-Muhumed v. United States Attorney Gen.*, 388 F.3d 814, 818–19 (11th Cir. 2004). "However, the weaker the alien's testimony, the greater the need for corroborative evidence." *In re Y-B*, 21 I. & N. Dec. 1136, 1139 (BIA 1998) (holding "the general and vague nature of the respondent's testimony was not remedied by a showing of specific and detailed corroborative evidence of the respondent's claim").

An alien is entitled to withholding of removal if he can show his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). The alien bears the burden of demonstrating it is "more likely than not" he will be persecuted or tortured upon being returned to his country. *Fahim v. United States Attorney Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002). This standard is more

stringent than the "well-founded fear" standard for asylum. *Al Najjar*, 257 F.3d at 1292–93.

Neither the Immigration and Nationality Act nor its regulations define "persecution," but this Court has noted "persecution is an extreme concept, requiring more than few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (quotations omitted). Other circuits indicate that, to be an act of persecution, the behavior must threaten death, punishment, or the infliction of substantial harm or suffering. *Sharif v. INS*, 87 F.3d 932, 935 (7th Cir. 1996). "Threats alone generally do not constitute actual persecution; only rarely, when they are so immediate and menacing as to cause significant suffering or harm in themselves, do threats per se qualify as persecution." *Vatulev v. Ashcroft*, 354 F.3d 1207, 1210 (10th Cir. 2003). "To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering." *Nelson v. INS*, 232 F.3d 258, 263 (1st Cir. 2000).

Establishing a nexus between the § 1251(b)(3) factors and the feared persecution "requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of" the § 1251(b)(3) factor. *D-Muhumed*, 388 F.3d at 818 (quoting *Al Najjar*, 257 F.3d at

7

1287)).  "The statute protects against persecution not only by government forces but also by nongovernmental groups that the government cannot control." *Sanchez v. United States Attorney Gen.*, 392 F.3d 434, 437 (11th Cir. 2004) (quotation omitted).

If the alien demonstrates past persecution, he is presumed to have a well-founded fear of future persecution unless the government can rebut the presumption.  8 C.F.R § 208.16(b)(1)(i).  If the alien does not establish past persecution, however, then he bears the burden of showing a well-founded fear of persecution by showing (1) he fears persecution based on his membership in a particular social group, political opinion, or another statutorily listed factor, (2) there is a reasonable possibility he will suffer persecution if he returns to his country, and (3) he could not avoid persecution by relocating to another part of his country, if under all the circumstances it would be reasonable to expect relocation. *See* 8 C.F.R. § 208.16(b)(2); *see also Mendoza*, 327 F.3d at 1287 ("An alien who has not shown past persecution, though, may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country").

Here, Petitioners did not establish they would more likely than not be persecuted if they returned to Colombia.  Although Salinas testified he received

8

numerous threatening telephone calls, mostly while he was at work, mere harassment does not constitute persecution. *See Sepulveda*, 401 F.3d at 1231. Further, despite these threats, Salinas was never physically harmed, and he did not report them to the police. Therefore, the petitioners failed to show they were subject to past persecution.

Salinas' testimony also was insufficient to prove it was more likely than not he would be persecuted if he returned to Colombia. Salinas testified that he left Colombia because of telephonic threats "in the name of Captain Truillo," but did not explain why he would be singled out and why the government of Colombia would be unwilling or unable to protect him if he and his family returned to Colombia. Petitioners' claim that it was unreasonable for the IJ to request more objective and corroborative evidence is without merit; it was appropriate for the IJ to seek the corroboration because Salinas' testimony was vague as to why he felt he would be persecuted if he returned to Colombia. Accordingly, we deny the petition as to this claim.

## II. CONCLUSION

We lack jurisdiction to consider Petitioners' arguments pertaining to the BIA's denial of asylum, and Petitioners' due process rights were not violated. The one-year statutory deadline for filing an asylum application does not violate the

Supremacy Clause. Finally, it was not unreasonable for the IJ to request Petitioners to provide corroborative evidence on their withholding of removal claim.

PETITION DISMISSED IN PART, PETITION DENIED IN PART.