**UNITED STATES of America**

v.

**Antonio VILLA–MELCHOR**

**No. DR–05–212(AML).**

United States District Court,
W.D. Texas,
Del Rio Division.

Sept. 12, 2005.

Robert E. Cadena, Assistant United States Attorney, Del Rio, TX, for Plaintiff.

Robert Denton Adams, Law Office of Michael J. Bagley, Del Rio, TX, for Defendants.

### ORDER

LUDLUM, District Judge.

Pending before the Court in the above-styled and numbered cause is Antonio Villa–Melchor's ("Defendant") "Motion To Dismiss The Indictment With Prejudice." Based on the following reasons, the Defendant's motion is **DENIED**.

### I. BACKGROUND

The Defendant was admitted as an immigrant to the United States on March 25, 1981. Subsequently, on July 17, 1989, the Defendant was convicted of possession of a controlled substance, cocaine, in Harris County, Texas. He was sentenced to three (3) years imprisonment, of which he served five (5) months. In November

2001, the Defendant applied for a Resident Alien Card (I–551). In January 2003, an Interagency Border Information System ("IBIS") check pursuant to the Defendant's application was conducted, and it resulted in the request that the Defendant be further investigated for possible to deportation. In March of 2003, a "Warrant of Arrest/Notice to Appear" was issued for the Defendant. Government agents located the Defendant's last known address and with the help of local authorities conducted a search of the premises; however, the agents were unable to locate or arrest the Defendant. On November 20, 2004, the Defendant was arrested in Crossville, Tennessee for simple possession of methamphetamine. Meanwhile, an immigration detainer was issued for the Defendant while he was still in custody. The Defendant exercised his right to have a hearing before an immigration judge and was subsequently ordered to be removed from the United States. A review of the removal order shows that the Defendant waived his right to appeal the immigration judge's ruling.

The Government alleges that the Defendant re-entered the United States on or about February 21, 2005, after having been previously deported. The Defendant was charged in a one-count indictment with violating 8 U.S.C. § 1326(a) & (b)(1)/(2) (" § 1326"). The Defendant filed a motion to dismiss the indictment with prejudice and collaterally attacks his prior removal order through the motion to dismiss.

## II. DISCUSSION

### A. Collateral Attack of Underlying Deportation Order

■ The Supreme Court has held that "an alien who is being prosecuted under § 1326 can, in some circumstances, assert a challenge to an underlying deportation order." *United States v. Mendoza–Mata,* 322 F.3d 829, 832 (5th Cir.2003) (citing *United States v. Mendoza–Lopez,* 481 U.S. 828, 839, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987)). In response to the Supreme Court's decision in *Mendoza–Mata,* Congress, in 1996, established a three-step process for individuals who wished to collaterally attack an underlying deportation case while being prosecuted for a § 1326 violation:

(d) In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d) (2005). The Fifth Circuit has formulated a three-part test that must be met by any alien who wishes to collaterally attack a prior deportation order that is the basis of a § 1326 prosecution: (1) the prior hearing was "fundamentally unfair;" (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order; and (3) the procedural deficiencies caused the alien actual prejudice. *See Mendoza–Mata,* 322 F.3d at 832 (citing *United States v. Lopez–Vasquez,* 227 F.3d 476, 483 (5th Cir.2000); 8 U.S.C. § 1326(d) (1999)). "If the alien fails to establish one prong of the three part test, the Court need not consider the others." *Id.* (citing *United States v. Encarnacion–Galvez,* 964 F.2d 402, 406 (5th Cir.1992)).

■ The Defendant, in a one sentence accusation that lacks factual basis or meritorious vigor, accuses the immigration court of "failing to inform him of any avail-

able relief, lack of counsel, and waiver of appeal ...." (*See* Def. Mot. To Dismiss Indictment With Prejudice at 3). The Defendant further argues that his hearing was "fundamentally unfair" because the immigration court incorrectly found that the Defendant was not eligible for relief under §§ 212 or 240 of the Immigration and Nationality Act. (*See id.*). That argument, however, is foreclosed by the Fifth Circuit's holding that because "eligibility for § 212(c) relief is not a liberty or property interest warranting due process protection, we hold that the Immigration Judge's error in failing to explain [Defendant's] eligibility does not rise to the level of fundamental unfairness." *United States v. Lopez–Ortiz,* 313 F.3d 225, 231 (5th Cir.2002); *accord United States v. Torres,* 383 F.3d 92, 105–06 (3d Cir.2004); *United States v. Aguirre–Tello,* 353 F.3d 1199, 1205 (10th Cir.2004) (en banc); *Smith v. Ashcroft,* 295 F.3d 425, 430 (4th Cir.2002); *Oguejiofor v. Att'y Gen. of the United States,* 277 F.3d 1305, 1309 (11th Cir.2002); *Escudero–Corona v. Immigration and Naturalization Service,* 244 F.3d 608, 615 (8th Cir.2001).

■ The Court infers from the Defendant's intertwined accusation that a lack of counsel led to his waiver of appeal. However, "[i]t is well settled that, because deportation hearings are considered civil in nature, there is no Sixth Amendment right to counsel." *Goonsuwan v. Ashcroft,* 252 F.3d 383, 385 n. 2 (5th Cir.2001) (citations omitted). As stated *supra,* a review of the record shows that the Defendant waived his right to appeal the immigration judge's order. A simple reading of § 1326(d)(1) shows that the instant case is exactly what Congress intended to proscribe when it amended § 1326 after the Supreme Court's decision in *Mendoza–Lopez.* The Defendant failed to exhaust the administrative remedies that were available to him when he waived his right to appeal the order of removal. Therefore, he cannot establish any of the prongs necessary to challenge the order of removal either under the Fifth Circuit's three-part test or § 1326(d)'s requirements.

## B. Implications of REAL ID Act of 2005 on Present Proceedings

On another note, this Court ordered the Defendant and the Government to brief and inform this Court whether it still had jurisdiction to address this case in light of Congress's enactment of the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (May 11, 2005). *See also Enwonwu v. Chertoff,* 376 F.Supp.2d 42, 82 (D.Mass. 2005) (providing insight into the Congressional intent of the new amendments in the aftermath of *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)). Both parties agreed that under the new provisions, the case should be transferred to the Fifth Circuit. This Court, however, is not in agreement.

■ The Court has before it a motion to dismiss the indictment with prejudice in a criminal violation of § 1326. Determining whether the indictment should be dismissed is the responsibility, and within the jurisdiction, of this Court. That the Defendant wishes to collaterally attack his prior deportation order now instead of when he could have directly appealed the immigration court's decision has no bearing on whether or not he can be indicted for being in the country illegally and in violation § 1326. Should the Defendant choose to exhaust the remedies available to him at a later time—through a habeas petition—then the Fifth Circuit would be the exclusive forum for review. *See Rosales v. Bureau of Immigration & Customs Enforcement,* 2005 U.S.App. LEXIS 17246, at *6 (5th Cir. Aug. 16, 2005) (per curiam) (" § 106 of the REAL ID Act has divested the district courts of jurisdiction

over § 2241 petitions attacking removal orders.").

## III. CONCLUSION

Based on the reasons stated by the Court, it is hereby **ORDERED** that the Defendant's motion to dismiss the indictment with prejudice is **DENIED**.