[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13220
Non-Argument Calendar
_____

Agency No. A044-582-899

HERNALDO GUADARRAMA-MELO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 1, 2015)

Before HULL, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Hernaldo Guadarrama-Melo seeks review of the Board of Immigration Appeals's ("BIA") decision affirming the immigration judge's ("IJ") order finding him ineligible for a waiver of removal under Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c).  After review, we dismiss in part and deny in part Guadarrama-Melo's petition for review.

## I.  BACKGROUND

Guadarrama-Melo is a native and citizen of Mexico.  Guadarrama-Melo came to the United States in 1989.  On June 23, 1994, he was admitted as a lawful permanent resident.

## A.    1996 Aggravated Felony Conviction in Federal Court

On April 23, 1996, Guadarrama-Melo was arrested after a search of his car revealed 43.20 pounds of marijuana.  Guadarrama-Melo was charged with the federal felony offenses of: (1) conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846 (Count One), and (2) possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Two).

On August 30, 1996, Guadarrama-Melo pled guilty to Count Two pursuant to a written plea agreement.  On November 19, 1996, the U.S. District Court for the Eastern District of Texas entered a written judgment sentencing Guadarrama-Melo to 13 months' imprisonment.

**B.      2008–2012 Removal Proceedings**

On February 1, 2008, Guadarrama-Melo was served with a Notice to Appear, charging him with removability as a result of his 1996 felony conviction for possession of marijuana with intent to distribute, which was both an aggravated felony under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), and a controlled substance offense under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).  On January 6, 2009, Guadarrama-Melo conceded removability.

Guadarrama-Melo informed the IJ that he intended to seek a waiver of removal under INA § 212(c).  The IJ responded that Guadarrama-Melo was ineligible for § 212(c) relief because he pled guilty to an aggravated felony after April 24, 1996, the effective date of the amendments to § 212(c) contained in § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

On April 19, 2012, Guadarrama-Melo filed an application seeking asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), based on his membership in a particular social group.  Guadarrama-Melo claimed that, if he returned to Mexico, it was more than likely he would be tortured by drug traffickers for losing the marijuana he was transporting for them when he was arrested back in 1996.

3

At Guadarrama-Melo's removal hearing, the IJ noted that Guadarrama-Melo was ineligible for asylum, withholding of removal, and waiver under § 212(c) because of his 1996 conviction.  The hearing proceeded as to Guadarrama-Melo's claim for CAT relief.  On November 27, 2012, the IJ denied Guadarrama-Melo's claim for CAT relief and ordered him removed to Mexico.  The IJ stated, inter alia, that Guadarrama-Melo's 1996 conviction for possession of marijuana with intent to distribute qualified as an aggravated felony.

## C.    2013 Appeal to the BIA

Guadarrama-Melo appealed the IJ's decision to the BIA.  In relevant part, Guadarrama-Melo argued that the IJ erred by finding him ineligible for a waiver under INA § 212(c).  In his counseled brief to the BIA, Guadarrama-Melo conceded that his 1996 conviction for possession of marijuana with intent to distribute was an aggravated felony.  Nevertheless, he contended that he was still eligible for waiver because his 1996 aggravated felony conviction occurred prior to the enactment of any restriction or repeal of § 212(c) relief.  Guadarrama-Melo argued that the IJ's pretermission of his waiver application was an impermissibly retroactive application of a change in the law.

On June 17, 2014, the BIA affirmed the IJ's decision and dismissed Guadarrama-Melo's appeal.  Noting that Guadarrama-Melo pled guilty to an aggravated felony after April 24, 1996, the effective date of AEDPA § 440(d)'s

4

amendments to INA § 212(c), the BIA concluded that he was not eligible for § 212(c) relief under the law in effect at the time of his guilty plea. Thus, the IJ correctly determined that Guadarrama-Melo was statutorily ineligible to seek a waiver under § 212(c). Guadarrama-Melo timely filed this petition for review.

## II.  STANDARD OF REVIEW

We review "only the BIA's decision," except to the extent that it "expressly adopts the IJ's opinion or reasoning." Cole v. U.S. Att'y Gen., 712 F.3d 517, 523 (11th Cir. 2013) (quotation marks and alteration omitted). We review questions of law, including the extent of our subject matter jurisdiction, de novo. Id.

## III.  DISCUSSION

Before 1996, INA § 212(c) gave the Attorney General the discretion to waive an alien's deportation, now called removal, if the alien was a lawful permanent resident who had lived in the United States continuously for seven years. INA § 212(c), 8 U.S.C. § 1182(c). On April 24, 1996, Congress enacted the AEDPA, which made § 212(c) waivers unavailable to certain aliens with aggravated felony convictions.[1] See AEDPA, Pub. L. No. 104-132, § 440(d), 110 Stat. 1214, 1277 (1996) (amending 8 U.S.C. § 1182(c)). Specifically, § 440(d) of the AEDPA bars § 212(c) relief for any alien who "is deportable by reason of

---

[1]In September 1996, Congress repealed § 212(c) relief altogether, replacing it with a procedure referred to as "cancellation of removal." See Ferguson v. U.S. Att'y Gen., 563 F.3d 1254, 1260 (11th Cir. 2009).

having committed any criminal offense covered in section [241(a)(2)(A)(iii) of the INA]." Id. Section 241(a)(2)(A)(iii), in turn, states that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." INA § 241(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

Guadarrama-Melo raises two claims of legal error concerning his eligibility for a § 212(c) waiver.[2] We discuss each claim in turn.[3]

First, Guadarrama-Melo argues, for the first time on appeal, that his 1996 conviction for possession of marijuana with intent to distribute was not an aggravated felony under immigration law.

Guadarrama-Melo failed to exhaust his administrative remedies with respect to his first claim. He never argued in his administrative appeal to the BIA that his 1996 conviction for possession of marijuana with intent to distribute did not qualify as an aggravated felony under immigration law. In fact, he conceded in his

---

[2]Guadarrama-Melo does not contend, as he did before the BIA, that the IJ's pretermission of his waiver application had an impermissible retroactive effect on him. Additionally, he does not argue any error with respect to the IJ'a denial of CAT relief. Those issues are therefore abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[3]The REAL ID Act bars courts of appeals from reviewing final orders of removal against aliens who are removable by reason of having committed certain criminal offenses, including controlled substance offenses and aggravated felonies. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). However, the statute excepts "constitutional claims or questions of law" from this jurisdictional bar. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). Here, we have jurisdiction to review the legal questions presented in Guadarrama-Melo's petition for review.

brief to the BIA that his 1996 conviction was an aggravated felony.[4]  Accordingly, we lack jurisdiction to review this unexhausted claim.  See 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006); see also Malu v. U.S. Att'y Gen., 764 F.3d 1282, 1287-88 (11th Cir. 2014).

Second, Guadarrama-Melo argues that the IJ erroneously pretermitted his application for a waiver under § 212(c).  Specifically, Guadarrama-Melo contends that AEDPA § 440(d)—which uses the word "committed" rather than "convicted"—only precludes relief for aliens who "committed" certain criminal offenses after the effective date of the AEDPA.  According to Guadarrama-Melo, he is eligible for relief under INA § 212(c) because he committed the aggravated felony on April 23, 1996, one day before AEDPA § 440's restrictions on § 212(c) relief went into effect.

Assuming arguendo that Guadarrama-Melo exhausted his second claim before the BIA, it is without merit.  Whereas AEDPA § 440(d) applies to aliens "deportable by reason of having committed" certain criminal offenses, § 241(a)(2)(A)(iii), which is incorporated by reference, specifies that an alien is deportable only when he is "convicted of an aggravated felony."  See AEDPA § 440(d), 110 Stat. at 1277; INA § 241(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii)

---

[4]This concession is consistent with the fact that possession of marijuana with intent to distribute under § 841(a)(1)—a federal offense punishable by more than one year's imprisonment—qualifies as an aggravated felony under immigration law.  See Moncrieffe v. Holder, __ U.S. __, __, 133 S. Ct. 1678, 1683 (2013).

7

(emphasis added); cf. Adefemi v. Ashcroft, 358 F.3d 828, 832-33 (11th Cir. 2004) (interpreting similar language in § 309(c)(4)(G) of the Illegal Immigration Reform and Immigrant Responsibility Act).

Guadarrama-Melo was convicted of an aggravated felony on August 30, 1996, over four months after AEDPA § 440(d) took effect. Although Guadarrama-Melo's criminal conduct predated the AEDPA by one day, he became removable and thus subject to § 440(d)'s restrictions on § 212(c) relief on August 30, 1996, by reason of his aggravated felony conviction. Under § 212(c), as amended by § 440(d)—the law in effect at the time he pled guilty—Guadarrama-Melo is ineligible for a waiver of removal. See Oguejiofor v. U.S. Att'y Gen., 277 F.3d 1305, 1309 (11th Cir. 2002) (noting that the petitioner "became ineligible for discretionary relief under [§212(c)] when he pled guilty [in November and December 1996] to the offenses which made him removable"). Accordingly, the BIA did not err in affirming the IJ's determination of Guadarrama-Melo's ineligibility for a § 212(c) waiver.

## IV. CONCLUSION

Because we lack jurisdiction to review Guadarrama-Melo's unexhausted claim that his 1996 conviction does not qualify as an aggravated felony, we dismiss Guadarrama-Melo's petition for review to the extent he challenges that

8

determination.  We deny Guadarrama-Melo's petition for review to the extent he challenges his ineligibility for a waiver under INA § 212(c).

**PETITION DISMISSED IN PART AND DENIED IN PART.**