RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0275p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 17-5081

EMILIO ESTRADA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Winchester.
No. 4:13-cr-00013-1—Harry S. Mattice, Jr., District Judge.

Decided and Filed:  December 4, 2017

Before:  CLAY, GIBBONS, and COOK, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Gianna Maio, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Chattanooga, Tennessee, for Appellant.  Jay Woods, UNITED STATES ATTORNEY'S OFFICE, Chattanooga, Tennessee, for Appellee.

_____

## OPINION

_____

COOK, Circuit Judge.  Emilio Estrada, a Mexican citizen, entered a conditional guilty plea to one count of illegal reentry following removal.  The district court denied his motions to dismiss the indictment, and Estrada appeals.  His challenge hinges on collaterally attacking his original removal proceedings.  Because Estrada falls short of the statutory requirements to lodge this attack on the underlying removal order, we AFFIRM the district court's judgment.

# I.

In November 2007, undercover officers attempting a controlled purchase of methamphetamine arrested Emilio Estrada upon finding meth in his pocket and a rifle and ammunition in his car. He eventually pleaded guilty to possession of a firearm by an unlawful user of a controlled substance, *see* 18 U.S.C. § 922(g)(3), and the district court sentenced him to 12 months' imprisonment plus two years of supervised release.

Owing to this conviction for an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(E)(ii), Estrada—a green-card holder but not a U.S. citizen—was ordered to appear in immigration court for removal[1] proceedings, *see id.* § 1227(a)(2)(A)(iii). At his first appearance, Estrada confirmed he understood his rights as read by the Immigration Judge to a group of respondents. He then advised the Immigration Judge that he had retained counsel; Estrada's counsel (Vincent Anderson), however, was neither present nor had he entered an appearance, and the judge continued the case. Estrada appeared again several weeks later with his newly retained counsel (Luke Abrusley), who admitted the facts alleged in the Notice to Appear and conceded Estrada's removability. Noting the unavailability of other relief, the Immigration Judge ordered Estrada removed to his home country of Mexico. Estrada waived his right to appeal, and he was deported in March 2009.

Six years later, law enforcement discovered Estrada in the United States without permission. A federal grand jury charged him with two counts of illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). Estrada moved to dismiss the indictment via a collateral attack on the underlying deportation order, arguing that the Immigration Judge violated his due process rights by failing to advise him of the possibility of discretionary relief from removal under § 212(h) of the Immigration and Nationality Act (INA). *Id.* § 1182(h). He filed an amended motion to dismiss making similar arguments, but the district court found no due process violation and thus denied both motions.

Undeterred, Estrada amended once more. He again collaterally attacked the deportation order on due process grounds, newly alleging that he received ineffective assistance of counsel

---

[1]We use "removal" and "deportation," and their variants, interchangeably in this opinion.

because his attorneys "failed to advise him of or present to the Immigration Court his eligibility for relief from deportation" under INA § 212(h).　Reiterating that Estrada had no constitutionally-protected liberty interest in securing discretionary relief, the district court denied the motion.

Estrada ultimately pleaded guilty to one count of illegal reentry.　As part of his plea agreement, he reserved the right to appeal the denials of his motions to dismiss.　We now entertain Estrada's timely appeal.

## II.

## A.

We review de novo a defendant's collateral attack on the deportation order underlying his conviction for unlawful reentry.　*United States v. Zuñiga-Guerrero*, 460 F.3d 733, 735 (6th Cir. 2006).

A defendant charged with unlawful reentry may not challenge the validity of his deportation order unless he demonstrates that: "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."　8 U.S.C. § 1326(d).　Because the requirements are conjunctive, the alien must satisfy all three prongs.　Estrada focuses on the third one; like the district court, we begin—and end—our analysis there.

## B.

"Fifth Amendment guarantees of due process extend to aliens in deportation proceedings, entitling them to a full and fair hearing."　*Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001).　Estrada contends that his due process rights were violated when his attorneys "failed to advise him of or present to the Immigration Court his eligibility for relief from deportation under" INA § 212(h).　Accordingly, he claims that the entry of his removal order was fundamentally unfair.

To prove the fundamental unfairness of an underlying deportation order, a defendant must show both a due process violation emanating from defects in the underlying deportation proceeding and resulting prejudice. *Id.*; *see also United States v. Lopez-Collazo*, 824 F.3d 453, 460 (4th Cir. 2016); *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 756 (9th Cir. 2015); *United States v. Luna*, 436 F.3d 312, 319 (1st Cir. 2006). With respect to the procedural component, the defendant "must establish that [he] has been deprived of a life, liberty, or property interest sufficient to trigger the protection of the Due Process Clause in the first place." *Ashki v. INS*, 233 F.3d 913, 921 (6th Cir. 2000).

We have previously announced that an individual "has no constitutionally-protected liberty interest in obtaining discretionary relief from deportation." *Id.*; *see also Huicochea-Gomez*, 237 F.3d at 700 ("The failure to be granted discretionary relief does not amount to a deprivation of a liberty interest."). In *Ashki*, the petitioner appealed the Board of Immigration Appeals' denial of her motion to reopen her deportation proceedings so that she could apply for a discretionary grant of suspension of deportation. 233 F.3d at 916–17. She argued, in part, that the Nicaraguan Adjustment and Central American Relief Act (NACARA) denied her a fair removal hearing because it exempted only certain nationalities from the "stop time" provision of the Illegal Immigration Reform and Immigrant Responsibility Act. *Id.* at 919, 920–21. But given that the petitioner sought, at bottom, a discretionary grant of suspension of deportation, *id.* at 917, we held that she had "not asserted any constitutionally protected interest" and that NACARA therefore did not violate her due process rights, *id.* at 921.

Even though *Ashki* did not examine INA § 212(h), its holding guides us here. Section 212(h) provides that "[t]he Attorney General may, *in his discretion*, waive" inadmissibility for certain aliens with criminal convictions if he is satisfied that denying the alien's admission would result in extreme hardship to the alien's spouse, child, or parent who is a U.S. citizen or lawful resident, and if "the Attorney General, *in his discretion*, . . . has consented to the alien's applying or reapplying for a visa, for admission to the United States, or adjustment of status." 8 U.S.C. § 1182(h)(1)(B), (2) (emphases added). The statute's plain language is clear: relief under § 212(h) is discretionary. And when "suspension of deportation is discretionary, it does not

create a protectable liberty or property interest." *Ashki*, 233 F.3d at 921 (quoting *Appiah v. INS*, 202 F.3d 704, 709 (4th Cir. 2000)).

We acknowledge the circuit split on this question, with the majority of our sister circuits likewise holding that an alien has no constitutional right to be informed of eligibility for, or to be considered for, discretionary relief. *See United States v. Santiago-Ochoa*, 447 F.3d 1015, 1020 (7th Cir. 2006); *Bonhometre v. Gonzales*, 414 F.3d 442, 448 n.9 (3d Cir. 2005); *United States v. Aguirre-Tello*, 353 F.3d 1199, 1205 (10th Cir. 2004) (en banc); *United States v. Lopez-Ortiz*, 313 F.3d 225, 231 (5th Cir. 2002); *Smith v. Ashcroft*, 295 F.3d 425, 430 (4th Cir. 2002); *Oguejiofor v. Attorney Gen. of the United States*, 277 F.3d 1305, 1309 (11th Cir. 2002); *Escudero-Corona v. INS*, 244 F.3d 608, 615 (8th Cir. 2001); *but see United States v. Lopez-Velasquez*, 629 F.3d 894, 897 (9th Cir. 2010) (en banc) (noting the Ninth Circuit has "repeatedly held that an [Immigration Judge]'s failure to" advise an alien of his potential eligibility for discretionary relief violates due process); *United States v. Copeland*, 376 F.3d 61, 71 (2d Cir. 2004) ("We believe that a failure to advise a potential deportee of a right to seek Section 212(c) [discretionary] relief can, if prejudicial, be fundamentally unfair within the meaning of Section 1326(d)(3)."). Estrada asks us to eschew *Ashki* and follow the Second and Ninth Circuits' approaches. We decline the invitation. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) ("A published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'" (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985))).

That Estrada's appeal concentrates on his attorneys' alleged shortcomings, rather than the Immigration Judge's, matters not. In *Hanna v. Gonzales*, the petitioner sought to reopen proceedings before the Board of Immigration Appeals because his attorney failed to seek a discretionary waiver of removal under INA § 237(a)(1)(H). 128 F. App'x 478, 480 (6th Cir. 2005). We disagreed with Hanna that this violated his due process rights, "because Hanna possessed no constitutionally protected liberty interest in receiving a *discretionary* waiver." *Id.* at 480–81. Hanna claimed that he was challenging his attorney's failure to file for discretionary relief rather than the denial of discretionary relief, "[b]ut this distinction lack[ed] constitutional

significance.  Without a cognizable liberty or property interest at stake, a due process violation cannot occur." *Id.* at 481.

Like Hanna, Estrada argues that he received "grievously deficient representation" that "denied [him] his right to assert relief from deportation."  Yet "no due process violation occurs when an attorney's errors cause an alien to be denied discretionary relief."  *Id.* (citing *Huicochea-Gomez*, 237 F.3d at 700).  Although *Hanna* is an unpublished decision, we discern no reason to stray from its holding in the instant case.

Because we hold that Estrada has not established a due process violation, we perceive no fundamental unfairness in the entry of his underlying deportation order.  Accordingly, we need not decide whether he exhausted all available administrative remedies, 8 U.S.C. § 1326(d)(1), or whether his deportation proceedings improperly deprived him of judicial review, *id.* § 1326(d)(2).

**III.**

For these reasons, we AFFIRM.