Balwant SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–2598–ag.

United States Court of Appeals, Second Circuit.

Feb. 8, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Viney K. Gupta, Orange, CA, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Leslie McKay, Senior Litigation Counsel, William C. Minick, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. RALPH K. WINTER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Balwant Singh, a native and citizen of India, seeks review of a June 5, 2007 order of the BIA denying his motion to reopen deportation proceedings. *In re Balwant Singh,* No. A75 955 104 (B.I.A. Jun. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't. of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Singh's motion to reopen. Under 8 C.F.R. § 1003.2(c)(2), an individual may move to

reopen his case, but must generally do so within 90 days of the entry of the final decision in the underlying proceeding. Here, there is no dispute that Singh's December 2006 motion was untimely where the BIA issued its decision dismissing his appeal in March 2002. Singh argues that the untimeliness of his motion should nevertheless have been excused because his former counsel rendered ineffective assistance. *See Jin Bo Zhao v. INS,* 452 F.3d 154 (2d Cir.2006).

In order to prevail on such a claim, a motion to reopen (1) should be supported by an affidavit setting forth the agreement that was entered into with prior counsel; (2) should submit proof that former counsel was informed of the allegations against him and given the opportunity to respond; and (3) should reflect whether a complaint has been filed with appropriate disciplinary authorities. *See Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Esposito v. INS,* 987 F.2d 108, 110–11 (2d Cir.1993) (per curiam) (citing *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988)). In addition, the movant must also show that he exercised "due diligence in pursuing the case during the period [he] seeks to toll." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006); *Iavorski v. U.S.I.N.S.,* 232 F.3d 124, 134–35 (2d Cir.2000).

While this Court does not require "a slavish adherence" to *Lozada,* Singh was required to demonstrate "substantial compliance" with its rules. *See Yi Long Yang v. Gonzales,* 478 F.3d 133, 142–43 (2d Cir. 2007) (citing *Jian Yun Zheng v. U.S. Dep't. of Justice,* 409 F.3d 43, 47 (2d Cir. 2005)). However, Singh failed to do so. Singh's motion to reopen baldly asserted that his prior counsel rendered ineffective assistance, he did not submit an affidavit setting forth his agreement with prior counsel, nor did he indicate that he filed a complaint against counsel or notify counsel about such complaint. *See Lozada,* 19 I. & N. Dec. at 639. Accordingly, the agency properly found that Singh failed to show substantial compliance with *Lozada*'s requirements. *See Yi Long Yang,* 478 F.3d at 142–43.

Moreover, as the BIA concluded, Singh failed to establish that he exercised due diligence when he learned of his former counsel's alleged ineffective assistance. Singh's motion did not specify when he learned of former counsel's ineffective assistance, what steps he took to pursue his case, to prepare his motion, or any other facts to support his claim that he acted with due diligence between June 2002 and December 2006. *See Cekic v. Gonzales,* 435 F.3d 167, 171 (2d Cir.2006). Therefore, the BIA did not abuse its discretion in denying Singh's motion to reopen. *See Iavorski,* 232 F.3d at 135; *see also Cekic,* 435 F.3d at 170.

The BIA also properly found that Singh failed to demonstrate changed conditions in India sufficient to warrant reopening his case. While 8 C.F.R. § 1003.2(c)(3)(ii) provides that the untimely filing of a motion to reopen may be excused if it is based on "changed circumstances arising in the [movant's] country of nationality," Singh failed to submit any evidence of such changes with his motion to reopen. 8 C.F.R. § 1003.2(c)(1) (requiring that a motion to reopen be supported by affidavits or other evidentiary material).

■ Singh also challenges the constitutionality of the statutory scheme governing motions to reopen, alleging that "it is unfair under [the] Fifth Amendment to deny his motion on procedural grounds when he is otherwise eligible in time for adjustment of status." Specifically, he argues that the government's delay in approving his visa petition caused the untimeliness of his motion, and therefore, the ninety-day filing deadline for motions to reopen is unconsti-

tutional as applied to him. However, Singh's assertion is unavailing. A due process challenge under the Fifth Amendment requires a showing that Singh was deprived of some "liberty" or "property" interest. *See Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Mathews v. Diaz*, 426 U.S. 67, 77, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976). Here, the relief that Singh seeks in his motion to reopen, adjustment of status, is discretionary pursuant to 8 U.S.C. § 1255(a).[2] *See Mariuta v. Gonzales*, 411 F.3d 361, 365 (2d Cir.2005). We join several of our sister circuits in finding no constitutionally protected liberty or property interest when a petitioner seeks such discretionary relief. *See, e.g., U.S. v. Lopez-Ortiz*, 313 F.3d 225, 231 (5th Cir.2002), *cert. denied*, 537 U.S. 1135, 123 S.Ct. 922, 154 L.Ed.2d 827 (2003); *Smith v. Ashcroft*, 295 F.3d 425, 430 (4th Cir.2002); *Oguejiofor v. Attorney General*, 277 F.3d 1305, 1309 (11th Cir.2002); *Huicochea-Gomez v. INS*, 237 F.3d 696, 700 (6th Cir.2001); *Escudero-Corona v. INS*, 244 F.3d 608, 615 (8th Cir.2001). *But see United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1049 (9th Cir.2004). Because Singh had no cognizable interest in his eligibility to adjust status, the agency's refusal to consider his adjustment of status application did not violate his Fifth Amendment rights.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this peti-

tion is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**2.** 8 U.S.C.A. § 1255(a) provides,

The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment,

(2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

